United States District Court
Southern District of Texas
**ENTERED**
February 08, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER DESIR, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-00700 |
| | § | |
| WALMART, INC., | § | |
| *Defendant.* | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to FED. R. CIV. P. 12(b)(6).[1] ECF 27. For the reasons explained below, the Court RECOMMENDS that Defendant's Motion (ECF 27) be GRANTED, and that Plaintiff's claims be dismissed with prejudice.

### I.   Factual and Procedural Background.

#### A. Factual allegations.

The facts described here are alleged in Plaintiff's Petition and taken as true for purposes of the Motion to Dismiss. On February 21, 2022, Plaintiff was hired by Defendant as a Sales and Training Manager at its Jersey Village Sam's Club store. ECF 35-3 at ¶¶ 6, 11, 45. Plaintiff was hired during inventory week and "was pushed to work half the store on her own" for three days. *Id.* at ¶¶ 34–35. On the third day,

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 3.

"Defendant asked Plaintiff to start working on the other half that was missing" but "Plaintiff ignored, refused to do as asked, realizing she was being used." ECF 35-3 at ¶ 35.

On February 23, 2022, Plaintiff, who is a Seventh Day Adventist, requested to have her Sabbath Days (Saturdays) off work. ECF 35-3 at ¶ 31. Plaintiff alleges that Defendant "belittled" her religion by stating she would have to report back to work after attending her services because her "busiest and main days would be the weekends." *Id.* at ¶ 32. Plaintiff asked if they could revisit the conversation later. *Id.* at ¶ 33. On February 28, 2022, Defendant stated it would honor Plaintiff's request but would not allow it every weekend. *Id.* at ¶ 42.

After her first week of employment, Plaintiff was "told to start working on producing numbers for the club despite the lack of information, and not being told about orientation, nor get[ting] training for the position." ECF 35-3 at ¶ 62. On March 4, 2022, Plaintiff underwent a video orientation, was given an overview of what the position entailed, and was given a form containing the thresholds to meet to guarantee a commission. *Id.* at ¶ 66. Plaintiff advised Defendant on March 7, 2022, that she was having difficulties completing the store onboarding modules, and Defendant stated that Plaintiff "should be upfront driving numbers" and should be spending all her time "between front desk and front end." *Id.* at ¶ 64. Two days later, Plaintiff provided Defendant with a report indicating one of their main sales

was up 55.17% for the week.  ECF 35-3 at ¶ 70.  Plaintiff sought clarification on the standards she should be meeting, and Defendant advised that 40% "was the minimum expectations and ideally it was 100%."  *Id.* at ¶ 71.  Plaintiff alleges that Defendant then "created a list of unrealistic expectations" for her to meet, "despite Plaintiff still being in her training probationary period."  *Id.* at ¶ 75.

On April 4, 2022, Plaintiff and Defendant had another conversation about Plaintiff's Sabbath Days being honored and "Defendant got mad and loudly stated, 'This is my club and I run things how I please.  If you don't like how I'm running things then find another job!'"  ECF 35-3 at ¶ 44.  Plaintiff then emailed Defendant information found on the company website recommending a weekday-only schedule for the Sales and Training Manager position.  *Id.* at ¶ 45.  During a conference call with Defendant's director, Plaintiff raised concerns about scheduling.  *Id.* at ¶ 48.  The director stated that the recommended schedule was Monday through Friday but that weekends may be needed to help train associates.  *Id.*  The director also suggested having Plaintiff's manager watch the Sales and Training Manager orientation to gain a better understanding of the position.  *Id.*

On April 11, 2022, Plaintiff was late to work because her tires were shaky and "not cooperating."  ECF 35-3 at ¶ 82.  A few days later, she realized two to three lugs were missing from each tire except for the tire which had special lugs.  *Id.* at ¶ 84.  Plaintiff filed a police report on April 20, 2022 and reported the incident to

3

Defendant on April 26, 2022.  ECF 35-3 at 18-19, 34.  A week after filing the police report, "there was a target balled up paper on Plaintiff's door," which she again reported to the police.  *Id.* at 18.

On April 19, 2022, Plaintiff and Defendant again met to discuss concerns about scheduling.  Defendant advised that Plaintiff had already missed three days of work and "believed it was ground for termination despite Plaintiff having 21 days of PTO available."  ECF 35-3 at ¶51.  When Plaintiff was scheduled to work on a Sabbath Day, she would not go into work and would substitute the day for another day to complete the fifty hours required.  *Id.* at ¶ 52.  On April 24, 2022, "Plaintiff was a no show due to the amount of distress she was enduring."  *Id.* at ¶ 54.  Defendant "scolded Plaintiff" and stated that she was required to request days off two to three weeks in advance so Defendant could approve the requests.  *Id.* at ¶ 55.  Defendant had scheduled Plaintiff to attend a Front-End Managers training program out of town on April 26, but Plaintiff "refused … out of fear and told Defendant that [her] tires were not up to par to travel that far, they were bald."  *Id.* at ¶ 92.

On April 28, 2022, Plaintiff met with Defendant again to discuss scheduling and the "unrealistic workload for Plaintiff."  ECF 35-3 at ¶ 58.  Defendant stated it would honor her Sabbath Day and allow her to have Saturdays off, but Plaintiff would be required to work on Sundays.  *Id.* at ¶ 58.  Plaintiff alleges that she

compromised on the schedule and stated she could meet the expectations.  ECF 35-3 at ¶ 58.

According to Plaintiff, she was supposed to receive a workspace, but it was "rescinded because another associate nonblack needed the space for his work." ECF 35-3 at ¶ 155.  Plaintiff also alleges that she was "forced to be on her feet the majority of the 10-hour workday and would get scolded sometimes if she stayed in the office while the store was busy."  *Id.* at ¶ 155.  She was excluded from "a couple of meetings" for unknown reasons and was denied a company discount card "while all the other associates claim to have received their cards on their first day."  *Id.* at ¶ 156.

Plaintiff was terminated on May 26, 2022 because her work did not meet employer satisfaction.  ECF 35-3 at ¶ 100.  On October 12, 2022, Plaintiff filed a wage claim with the Texas Workforce Commission claiming that she never received the wages she earned from her last week of employment.  *Id.* at ¶ 102.  A hearing was held on Plaintiff's wage claim, during which Defendant claimed it provided Plaintiff with her final payment.  *Id.* at ¶ 105.  Plaintiff alleges that "Defendant forged [her] last check statement" and lied to the hearing officer about sending payments.  *Id.* at ¶¶ 108, 114.  The hearing officer continued the hearing and instructed Plaintiff to provide bank statements as proof that Defendant had not deposited the payment.  *Id.* at ¶ 119–20.  Plaintiff and Defendant exchanged

documents and Defendant provided emails confirming that the payment was sent and that Plaintiff should have received it.  ECF 35-3 at ¶ 122.

After the hearing, Plaintiff obtained her May and June bank statements from Regions Bank.  ECF 35-3 at ¶ 127.  Plaintiff alleges that she "realized nothing was right, her whole statement was scrambled, [and the] statement claimed [an] amount she knows for sure she did not have at the time."  *Id.* at ¶ 128.  Plaintiff claims that her bank statements were "falsified."  *Id.* at ¶ 132.

Plaintiff received an unfavorable determination letter on her wage claim stating that "nothing was owed to [her] and the only violation assessed was that Defendant sent what they claimed to be an insurance refund of $5.08 which was due to Plaintiff well past the sixth day allowed."  *Id.* at ¶ 103.  Plaintiff appealed this decision.  *Id.* at ¶ 104.

Plaintiff filed a Charge of Discrimination with the Texas Workforce Commission and the EEOC on October 27, 2022.  ECF 27-1 at 34–36.  The EEOC issued a Notice of Right to Sue on November 16, 2022.  *Id.* at 39.

### B. Procedural history.

On January 31, 2023, Plaintiff filed an Application to Proceed in Forma Pauperis ("IFP") and an Employment Discrimination Complaint in this Court asserting discrimination and retaliation claims against Defendant.  *See Desir v. Walmart, Inc.*, No. 4:23-mc-189 (S.D. Tex. 2023) at ECF 1.  Two days later, the

Court denied Plaintiff's IFP application.  *Id.* at ECF 2.  On February 15, 2023,

Plaintiff filed a Motion for Reconsideration.  *Id.* at ECF 4.  The Court granted

Plaintiff's Motion (*id.* at ECF 5) and filed Plaintiff's Complaint on February 22,

2023.  ECF 1.

Plaintiff, with leave of court, filed an Amended Complaint on May 30, 2023

asserting the following claims:

- Count I: "28 CFR 42.104 – Violations of the First Amendments to the Constitution of the United States of America and Title VII of the Civil Rights Act of 1964;"

- Count II: "5 U.S.C. 552(b)(6) and the Texas Code 15.017 Violation of the Texas State Constitution and the Constitution of the United States of America;"

- Count III: "18 U.S.C. 1621 and Texas Penal Code 37.03 violations of the Fifth Amendment to the Constitution of the United States of America;"

- Count IV: "18 U.S.C. 1341 and Texas Penal Code 32.21 1(A)(B)(C)(D)(E), 2 (b)(1) – violation of the Texas State Constitution;"

- Count V: "42 U.S.C. 12203 alleges violation of the First Amendment to the Constitution of the United States of America, the Fair Labor Standards Act (FLSA);"

- Count VI: "Texas Labor Law Codes 61.014, 61.018, 61.019 – Violation of the Fair Labor Standards Act;" and

- Count VII: "Texas Penal Code 28.04 – Violations of the Texas State Constitution."

ECF 20.  On June 13, 2023, Plaintiff filed a Motion to Add Party Defendants

Walmart Inc. and Regions Financial Corporation.  ECF 22.  Defendant filed the

instant Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 3, 2023.  ECF 27.  Four days later, Plaintiff filed a Motion for Leave to Amend.  ECF 29.  After holding a conference with the parties, the Court denied without prejudice Plaintiff's Motion to Add Party and Motion to Amend and allowed Plaintiff to file a Proposed Amended Complaint as an exhibit to her Response to Defendant's Motion to Dismiss.  ECF 31; *see* ECF 34; ECF 35-3.  Plaintiff's Proposed Amended Complaint asserts the following claims:

- Count I: "Defendant violated sec 703 (a)(1) Title VII of the Civil Rights Act of 1964 and the Equality Act;"

- Count II: "Invasion of Privacy violation under the Texas Civ. Code 15.017, the Texas Pen Code 42.072;"

- Count III: "Defendant Breach of Contract violations of Texas Constitution;"

- Count IV: "Defendant Wrongful Dismissal violating Title VII of the Civil Rights Act and the Texas Labor Code 21.055, 2585, 42 U.S.C. 2000e;"

- Count V: "Defendant retaliated against Plaintiff violating the EEO laws, the Texas Lab Code 21.055, 2585, 42 U.S.C. 12203(a)(b)(c);"

- Count VI: "Defendant Conspiracy with Regions violated 18 U.S.C. 242 and 18 U.S.C. 1346;"

- Count VII: "Defendants intentionally committed Fraud and Forgery violating the Texas Pen 32.21 (a)(1)(B)(C)(2)(b)(g), the 18 U.S.C. 1343, 18 U.S.C. 1346, the Texas Civ. Code 32.42 b(8)(9)(10) c(2), 32.47 (b)(1)(d)(2);"

- Count VIII: "Defendant Walmart commits Perjury and Aggravated Perjury violating 18 U.S.C. 79, the Texas Pen. Code 37.02.03."

ECF 35-3.

## II.     Rule 12(b)(6) Legal Standards.

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a cause of action in a complaint when it fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  In reviewing a motion to dismiss under Rule 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citation omitted).  However, "it will not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (citation omitted).  In deciding a Rule 12(b)(6) motion to dismiss, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022) (citation omitted).  The Court applies a more lenient standard when analyzing the complaints of *pro se* plaintiffs, but they "must still plead factual allegations that raise the right to relief beyond the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citation omitted).

## III.     Analysis.

In considering Defendant's Motion to Dismiss, the Court has reviewed the allegations in Plaintiffs Amended Complaint (ECF 20) and Proposed Amended

Complaint (ECF 35-3).  For the reasons stated below, Plaintiff's claims should be dismissed.

### A. Plaintiff has abandoned some of her claims.

In its Motion to Dismiss, Defendant raised the following arguments: (1) Plaintiff's claims brought under 5 U.S.C. § 522 and the First and Fifth Amendments must be dismissed because Defendant is a private, non-governmental entity; (2) Plaintiff's discrimination claim under 28 C.F.R. § 42.104 must be dismissed because there are no allegations that Defendant received federal financial assistance, as required by the statute; (3) Plaintiff's claim brought under Texas Civil Practice & Remedies Code § 15.017 must be dismissed because the statute does not provide a private right of action; (4) Plaintiff's FLSA claims must be dismissed because she failed to adequately plead a cause of action for retaliation or unpaid minimum wages or overtime; and (5) Plaintiff's Texas Labor Code wage claims must be dismissed because she failed to exhaust her administrative remedies before the Texas Workforce Commission.  Plaintiff's response does not address these claims, and the claims are not included in Plaintiff's Proposed Amended Complaint. "A plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims." *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022) (citing *In re Dall. Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017)).  Because Plaintiff did not defend these claims in response

to Defendant's Motion to Dismiss, the Court considers the claims to have been abandoned and subject to dismissal.

### B. Plaintiff's claims for violations of federal and state criminal statutes fail because the statutes do not provide private rights of action.

Plaintiff's Amended Complaint and Proposed Amended Complaint allege violations of various federal and state criminal statutes provided in Title 18 of the United States Code and the Texas Penal Code:  18 U.S.C. § 242 (deprivation of rights under color of law), 18 U.S.C. § 1341 (fraud and swindles), 18 U.S.C. § 1343 (fraud by wire), 18 U.S.C. § 1346 (definition of "scheme or artifice to defraud"), 18 U.S.C. § 1621 (perjury), Texas Penal Code § 28.04 (reckless damage or destruction), Texas Penal Code § 32.21 (forgery), Texas Penal Code § 32.42 (deceptive business practices), Texas Penal Code § 32.47 (fraudulent destruction, removal, or concealment of writing), Texas Penal Code § 37.03 (aggravated perjury), and Texas Penal Code § 42.072 (stalking).  However, violations of federal or state criminal statutes do not give rise to a private cause of action.  *See Neal v. Burns*, No. 3:19-CV-02908, 2022 WL 18495899, at *4 (N.D. Tex. Dec. 29, 2022) (citing *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) ("The sections of Title 18 … are criminal in nature and provide no civil remedies.")); *accord Bryant v. CIT Grp./Consumer Fin., Inc.*, 303 F. Supp. 3d 515, 524 (S.D. Tex. 2018) (quoting *Mathis v. DCR Mortg. III Sub, I, LLC*, 952 F. Supp. 2d 828, 836 (W.D. Tex. 2013)

("[T]he Texas Penal Code does not create a private cause of action.")).  Accordingly, Plaintiff's claims arising under criminal statutes must be dismissed.

### C. Plaintiff's Complaint was timely filed, and her Title VII claims are not time-barred.

Defendant seeks dismissal of Plaintiff's Title VII claims as time-barred arguing that Plaintiff failed to timely file her lawsuit.  ECF 27 at 13.  After receiving a right-to-sue letter, a plaintiff wishing to file a civil action in federal court must do so within ninety days.  *See* 42 U.S.C. § 2000e-5(f)(1).  In this case, Plaintiff received a notice of right to sue from the EEOC on November 16, 2022.  ECF 20 at 1; ECF 27-1 at 39.  Plaintiff filed her Complaint together with an IFP application on January 31, 2023.  *See Desir v. Walmart Inc.*, No. 4:23-mc-00189 (S.D. Tex. Jan. 31, 2023).  Two days later, the Court denied Plaintiff's IFP application.  *Id.* at ECF 2. Plaintiff then filed a Motion for Reconsideration on February 15, 2023.  *Id.* at ECF 4. The Court granted Plaintiff's Motion (*id.* at ECF 5) and filed Plaintiff's Complaint on February 22, 2023.  ECF 1.

When an IFP application is submitted with a complaint, the ninety-day filing period is suspended pending the court's ruling on the application and it begins to run again when the plaintiff receives notification of the decision.  *Walter v. Ports America*, No. 4:09-CV-3663, 2011 WL 5415176, at *5 (S.D. Tex. Nov. 8, 2011) (collecting cases).  Here, Plaintiff filed her Complaint and IFP application on January 31, 2023, the seventy-sixth day of the filing period.  The ninety-day period

was first tolled from January 31, 2023, while Plaintiff's application was pending, until February 2, 2023, when the application was denied.  On February 2, the filing period recommenced and ran for thirteen days until Plaintiff filed her Motion for Reconsideration on February 15, 2023.  The filing period was again tolled while Plaintiff's Motion for Reconsideration was pending from February 15 until February 22, 2023, when the Court granted Plaintiff's application and the clerk of court filed her Complaint.  In total, an additional thirteen days elapsed making Plaintiff's Complaint, filed by the clerk on February 22, 2023, timely because it was filed on the eighty-ninth day after receipt of the right to sue letter.

### D. Plaintiff's Title VII discrimination claim should be dismissed for failure to state a claim.

Plaintiff's Proposed Amended Complaint alleges violations of Title VII based on Plaintiff's race (Black), national origin (Haitian), and religion (Seventh Day Adventist).  ECF 35-3 at 26.  Defendant argues that Plaintiff has not alleged facts sufficient to link her protected statuses to any adverse employment action, including her termination.  ECF 27 at 17.

Title VII prohibits employers from discriminating against any individual based on race, color, religion, sex, or national origin.  *See* 42 U.S.C. § 2000e-2(a)(1). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts plausibly showing the two "ultimate elements" of a Title VII discrimination claim: "(1) an adverse employment action, (2) taken against a plaintiff *because of* her protected

status." *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021) (emphasis in original) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). To demonstrate a causal connection, a plaintiff must allege facts suggesting that the employer's actions were based on her protected status or that she was treated less favorably than other similarly situated employees outside of her protected class. *Raj v. La. St. Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

With respect to her religious discrimination claim, Plaintiff alleges that Defendant "belittled" her religion and that she was "harassed about her belief." ECF 135-3 at ¶ 154. These allegations, however, are insufficient for the Court to infer that Plaintiff suffered an adverse employment action, including termination, because of her religion. To the contrary, Plaintiff alleges that Defendant allowed Plaintiff to rearrange her schedule to honor her Sabbath Day. ECF 35-3 at ¶ 58.

Regarding her race and national origin discrimination claims, Plaintiff alleges that Defendant "tripled [her] workloads while the non-protected associate" was allowed to "stand there and work if they please" (ECF 35-3 at ¶ 153). Plaintiff also alleges that her car tires were tampered with (*id.* at ¶ 153); she was forced to be on her feet majority of the workday and would get "scolded sometimes if she stayed in the office while the store was busy" (*id.* at ¶ 155); she "was due a workspace" but was not given one because "another associate nonblack needed the space for his work" (*id.*); she was excluded from "a couple" of meetings for unknown reasons (*id.*

at ¶ 156); and she had to buy her own company discount card "while all the other associates claim to have received their cards on their first day" (*id.*).  Plaintiff vaguely references a "non-protected associate" and a "nonblack associate," but does not allege that these employees held the same position (sales and training manager) with the same responsibilities, or reported to the same supervisor as she did. *Olivarez*, 997 F.3d at 600 ("Notably, there is no allegation that any non-transgender employee with a similar job and supervisor and who engaged in the same conduct as [plaintiff] received more favorable treatment.").  Plaintiff's Proposed Amended Complaint presents no facts sufficient to "nudge the claims across the line from conceivable to plausible," and therefore Plaintiff's discrimination claims should be dismissed.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

### E.  Plaintiff's retaliation claims should be dismissed for failure to state a claim.

While difficult to decipher, Plaintiff's Proposed Amended Complaint seems to assert retaliation claims under Title VII, the Texas Labor Code, and the Americans with Disabilities Act (ADA) based on her termination and Defendant's alleged withholding of her final paycheck.  *See* ECF 35-3 at 34–35.  Defendant argues for dismissal of these claims because Plaintiff fails to allege that she engaged in protected activity and fails to show the required causal connection between any protected activity and an adverse action.  ECF 27 at 19–20, 24–25.

To state a claim for retaliation under Title VII, the Texas Labor Code, or the ADA, Plaintiff must allege: (1) she engaged in activity protected under the statute; (2) she suffered an adverse employment action; and (3) a causal link between the protected activity and the adverse employment action. *See Fisher v. Lufkin Indus., Inc.*, 847 F.3d 752 (5th Cir. 2017) (stating elements of retaliation under Title VII); *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 304 (5th Cir. 2020) (stating elements of retaliation under ADA); *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) ("The substantive law governing Title VII and [Texas Labor Code] retaliation claims is identical."). To qualify as protected activity, "the employee's conduct must have 'opposed' the employer's practice" which the employee "reasonably believed … was unlawful" under the statute. *Sacks v. Tex. S. Univ.*, 83 F.4th 340, 348 (5th Cir. 2023) (citation omitted). This includes "making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Richards v. JRK Prop. Holdings*, 405 F. App'x 829, 831 (5th Cir. 2010). "A viable retaliation claim thus requires more than 'opposition alone; it requires opposition *of a practice made unlawful by Title VII*.'" *Stingley v. Watson Quality Ford, Jackson, Miss.*, 836 F. App'x 286, 290 (5th Cir. 2020) (emphasis in original) (quoting *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 240 (5th Cir. 2016)).

The Court agrees that Plaintiff has failed to plead facts indicating that she engaged in any protected activity prior to her termination.  Plaintiff maintains that she engaged in protected activity by "complaining to manager," "report[ing] the incidents to the police," and "report[ing] the wrongful termination to the director." ECF 35-3 at 35.  Plaintiff complained to her manager and filed a police report regarding someone tampering with her car tires and placement of a "target" on her door.  Plaintiff has not alleged, however, that these complaints or the report she made to the director referenced any unlawful employment practice. *Davis v. Dallas Indep. Sch. Dist.*, 448 F. App'x 485, 493 (5th Cir. 2011) (collecting cases) ("We have consistently held that a vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity."); *see* ECF 35-2 at 7 (Plaintiff's email to director requesting clarification of the reason for her termination).  To the extent Plaintiff relies on her requests to have her schedule changed to accommodate her Sabbath Day, "[m]erely requesting a religious accommodation does not qualify as protected activity under Title VII because it does not … amount to opposing an unlawful employment practice." *Reichert v. Infusion Partners, L.L.C.*, No. 22-5450, 2023 WL 4685377, at *6 (E.D. La. July 21, 2023).

Because Plaintiff has not sufficiently alleged that she engaged in protected activity before her termination, she fails to state a claim for retaliation under Title VII.

### F.  Plaintiff's breach of contract claim should be dismissed for failure to state a claim.

Plaintiff's Proposed Amended Complaint asserts a breach of employment contract claim against Defendant.  ECF 35-3 at 30–33.  "It is well-settled that Texas is an at-will employment state and that, absent an express agreement to the contrary, employment may be terminated at any time by either party with or without cause." *Doe v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 653 F. Supp. 3d 359, 375 (S.D. Tex. 2023) (quoting *McDonald v. City of Corinth, Tex.*, 102 F.3d 152, 156 (5th Cir. 1996)).  Thus, to establish a breach of employment contract claim based on wrongful termination, "an employee must first prove that [s]he and h[er] employer had a contract specifically depriving the employer of the right to terminate the employee at will."  *Zimmerman v. H.E. Butt Grocery Co.*, 932 F.2d 469, 471 (5th Cir. 1991). "An employee must also prove that the contract or agreement was in writing or, if oral, is enforceable under the statute of frauds."  *Id.*

In this case, Plaintiff has not alleged the existence of a contract which limited Defendant's right to terminate her employment at will.  At most, Plaintiff references an "offer" email, but the email clearly states: "The following outlines the terms of our offer but does not constitute a contract of employment or a guarantee of employment."  *See* ECF 34-1 at 2.

Furthermore, to the extent Plaintiff bases her breach of contract claim on Defendant's alleged failure to pay Plaintiff her final paycheck, such claim is also

without merit.  *See* ECF 35-3 at 33.  Count VI of Plaintiff's Amended Complaint alleges that Defendant failed to deliver Plaintiff's earned wages after several demands and unlawfully withheld Plaintiff's earned wages in violation of Texas Labor Code §§ 61.014, 61.018, and 61.019.  ECF 20 at 28.  Plaintiff's Proposed Amended Complaint references these provisions only as they relate to her breach of contract claim in Count III.  *See* ECF 35-3 at 33.  However, an employee seeking to recover unpaid wages has the option of *either* filing a claim with the Texas Workforce Commission or filing a common law breach of contract claim in court. *Byun v. Hong*, 641 S.W.3d 821, 829 (Tex. App.—Tyler 2022, no pet.) (emphasis added) (citing *Abatement Inc. v. Williams*, 324 S.W.3d 858, 864 (Tex. App.— Houston [14th Dist.] 2010, pet. denied)).  "When an employee files a claim with the Texas Workforce Commission[,] … she forgoes her common-law causes of action." *Brown v. Joseph Cory Holdings, LLC*, No. 4:13-CV-044, 2014 WL 12585674, at *2 (N.D. Tex. July 30, 2014).  Plaintiff alleges that she "filed a Wage Claim on October 12, 2022 claiming that [she] never received her earned wages from working her last week of employment," thus she has foregone any breach of contract claim based on the same allegations.  ECF 35-3 at ¶ 102.

For these reasons, Plaintiff's breach of contract claim should be dismissed.

### G. Plaintiff should not be given leave to amend.

Generally, "a *pro se* litigant should be offered an opportunity to amend [her] complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). However, denial of leave to amend is justified where it would be futile. *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019); *see also Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016).

In this case, Plaintiff has already amended her complaint once (*see* ECF 20) and she was afforded the opportunity to provide a Proposed Amended Complaint in response to Defendant's Motion to Dismiss (*see* ECF 35-3). The Court has considered the allegations in Plaintiff's Proposed Amended Complaint and found that they are insufficient to defeat Defendant's Motion. Under these circumstances, the Court concludes that Plaintiff has already pled her "best case" and that Plaintiff's claims should be dismissed with prejudice. *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (stating that granting leave to amend is not required if the plaintiff has already pleaded her "best case").

### IV. Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion to Dismiss (ECF 27) be GRANTED, and that Plaintiff's claims be dismissed with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on February 08, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge